UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE MCCASKILL,	Case No. 11-12824

      Plaintiff,	Patrick J. Duggan
v.	United States District Judge

JOHN DETTLOFF,	Michael Hluchaniuk
	United States Magistrate Judge

      Defendant.
_____/

**REPORT AND RECOMMENDATION:
MOTION FOR SUMMARY JUDGMENT (Dkt. 11)**

**I.	PROCEDURAL HISTORY**

Plaintiff, a prisoner in the custody of the Michigan Department of Corrections, filed a civil rights complaint against defendant John Dettloff, on June 30, 2011. (Dkt. 1). Defendant filed a motion for summary judgment on September 16, 2011. (Dkt. 11). This motion was referred to the undersigned for report and recommendation by District Judge Patrick J. Duggan. (Dkt. 14). Plaintiff filed his response on October 13, 2011. (Dkt. 18). This matter is ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **DENIED**.

## II.     FACTUAL BACKGROUND

According to plaintiff's complaint, defendant repeatedly suspected him of wrongdoing and made unfounded allegations against him, subjected him to numerous "shakedowns" (searches of his cell), repeatedly told him that he was going to "get" him and it would be easy to set him up. Plaintiff says he complained to Dettloff's supervisor and to his family about Dettloff's behavior. He apparently asked to be moved to another housing unit because he feared Dettloff's threats and knew a "fabricated misconduct from him would be impossible to defend against."

A month later, plaintiff was subjected to a strip search ordered by another prison official, and alleges that Dettloff "took this opportunity" to pack plaintiff's personal property under the guise that he went to segregation because of a misconduct. Plaintiff's claims that Dettloff had not been ordered to pack plaintiff's personal property and that he was not taken to segregation because of any misconduct. While Dettloff was packing plaintiff's property, he threw away his store-bought food, broke his MP3 player and headphones, broke open a razor, placing the blade in plaintiff's "area of control" and then wrote him a Class I Dangerous Contraband misconduct ticket. Plaintiff also asserts that Dettloff lied during the grievance investigation by stating to the grievance investigator that he began packing up plaintiff's property as he was escorted to temporary segregation

because of a misconduct. Plaintiff claims that Dettloff's retaliation violated his First Amendment right to free speech.

Defendant argues that plaintiff has not demonstrated that he engaged in any protected conduct. Defendant also argues that plaintiff has not provided any evidence to show that an adverse action was taken against him or the causal connection element of a retaliation claim. Defendant also claims that he had adequate alternative reasons for his actions, thus precluding plaintiff's retaliation claim. Defendant next argues that because there was no constitutional violation, there could be no conspiracy and thus, this claim fails. Finally, defendant argues that he is protected by qualified immunity.

Plaintiff asserts that filing a grievance and his verbal complaints to defendant's supervisor constitute protected conduct sufficient to satisfy the first element of a First Amendment retaliation claim. Plaintiff also contends that being hauled off to segregation and being issued a major misconduct ticket constitutes sufficient "adverse action" to satisfy the second element of a first amendment retaliation claim. As to causation, plaintiff points to the affidavits attesting that defendant was overheard making verbal threats about plaintiff's protected conduct and was seen breaking plaintiff's property, shortly after plaintiff and his family complained to his supervisor about his conduct.

## III. ANALYSIS AND CONCLUSION

### A. Standard of Review

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

Under Federal Rule of Civil Procedure 56, a party asserting a fact that cannot be or is not genuinely disputed must support that assertion by citing to particular parts of materials in the record, including depositions, documents,

electronically stored information, affidavits or declaration, stipulations, admission, interrogatory answers, or other materials; or a showing that the materials cited do not establish the absence or presence of a genuine dispute or that an adverse party cannot produce admissible evidence to support the fact. Fed.R.Civ.P. 56(c)(1).[1]

B. <u>Legal Standards - First Amendment Retaliation</u>

A prisoner retains First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. *See Pell v. Procunier*, 417 U.S. 817, 822 (1974). Retaliation based on a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). To establish a First Amendment retaliation claim, the plaintiff must prove that: (1) the plaintiff engaged in activities protected by the Constitution or statute; (2) the defendant

---

[1] Formerly, "Rule 56(e) require[d] that sworn or certified copies of all papers referred to in an affidavit must be attached to or served with that affidavit ... To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Johnson v. Memphis City Schools*, 2010 WL 1957267, *2 (W.D. Tenn. 2010), quoting 10A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice & Procedure, § 2722, at 379-80 & 382-84 (1988). According to the Advisory Comments to the recent amendments, this specific requirement was omitted because as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record. Comments, 2010 Amendments to Fed.R.Civ.P. 56, subdivision (c). Notably, the language changes have not changed the standard itself. *Id*. ("The standard for granting summary judgment remains unchanged.").

took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that this adverse action was "motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." *Id*. at 386, 394. If the plaintiff is able to make such a showing, the defendant then has the burden of showing that the same action would have been taken even absent the plaintiff's protected conduct. *Id*.; *Thaddeus-X*, 175 F.3d at 399. However, an adverse action does not need to actually deter a person from exercising constitutional rights; it only needs to be capable of doing so. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005) ("The relevant question . . . is whether the defendant's adverse conduct was '*capable*' of deterring a person of ordinary firmness.'"); *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) ("[T]he adverseness inquiry is an objective one, and does not depend upon how the particular plaintiff reacted.").

With regard to the timing of the allegedly adverse actions, mere temporal proximity is insufficient to establish a retaliatory motive. *See Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001) (while temporal proximity between inmate's grievances and decision to transfer him provided some circumstantial support for a causal connection, this evidence alone was not sufficient to meet inmate's burden showing that the filing of grievances was a substantial or motivating factor for his transfer). Conclusory allegations, however, are insufficient to show that a

defendant was motivated by the exercise of a plaintiff's First Amendment rights. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). And, bare allegations by the plaintiff of malice on the part of a defendant are not enough to establish retaliation claims. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). The plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). Where a plaintiff fails to produce evidence from which a jury could reasonably determine that transfer to administrative segregation, job loss, and disparate treatment were in retaliation for his alleged protected activities, summary judgment in favor of the defendant is proper. *Scuba v. Wilkinson*, 2010 WL 99348 (S.D. Ohio 2010), citing *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 (6th Cir. 2000).

      1.     Protected Conduct

As the Sixth Circuit explained in *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000), there are two categories of retaliation claims-general claims of retaliation and claims that allege that an individual was retaliated against for the exercise of specific constitutional rights. *Thaddeus-X* clarified the elements of each category and supplants previous cases that had blurred the lines between the two. *Herron*, 203 F.3d at 414. General claims of retaliation are brought under the Due Process Clause of the Fourteenth Amendment. To state a successful case of

general retaliation, a prisoner must establish "an egregious abuse of governmental power" or behavior that "shocks the conscience." *Id*. The Sixth Circuit observed that "[i]n the great majority of cases, inmates are unable to survive summary judgment under this demanding standard. The rare exceptions have been in cases where, for example, a prison official issued death threats against an inmate with a cocked pistol at his head, or where prison officials trumped up false disciplinary charges against an inmate and then proceeded to physically abuse him and levy harsh disciplinary sanctions against him." *Id*. at 141-415, citing *Cale v. Johnson*, 861 F.2d 943, 950-51 (6th Cir. 1988). Plaintiff does not appear to be proceeding on a due process theory, but rather, a First Amendment theory.

Plaintiff asserts that his complaints to defendant's supervisor were protected conduct. Defendant disputes that conclusion, but does not provide any analysis of his argument. While not precisely clear, there is some support for plaintiff's position that verbal complaints about a prison official to his supervisor can constitute protected conduct. *See e.g.*, *Davis v. Straub*, 2009 WL 4908433 (W.D. Mich. 2009) ("A prisoner's oral and written complaints to a warden about the misconduct of the prisoner's job supervisor are protected speech under the First Amendment.") (citing *King v. Ditter*, 432 F.Supp.2d 813, 818-19 (W.D. Wis. 2006); *Clark v. Johnson*, 413 Fed.Appx. 804, 813 (6th Cir. 2011) (The defect in the plaintiff's retaliation claim was not that the complaint was informally made,

but that it was not shown to have any merit). For purposes of this report and recommendation, the undersigned will assume that plaintiff's verbal complaints to defendant's supervisor constitute protected conduct.

        2.      Adverse Action

Defendant also claims that plaintiff suffered no adverse action. Plaintiff argues that "being hauled off to segregation, personal property being broken by Defendant and being issued a major misconduct ticket" are sufficient adverse action. However, plaintiff was convicted of the misconduct with which he was charged. Therefore, the misconduct ticket cannot form the basis of a retaliation claim. *Jackson v. Madery*, 158 Fed.Appx. 656, 662 (6th Cir. 2005) ("A finding of guilt on a misconduct charge based on some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.").

As to his claim that he was "hauled off to segregation," the evidence shows that he was placed in segregation temporarily during the cell "shakedown" and released the same day. (Dkt. 1, Pg ID 16). Placement in segregation has been held to constitute adverse action. Indeed, examples of adverse actions in a confinement setting include segregation, destruction of legal materials, denial of law library access, and even confiscation of an inmate's athletic shoes. *Bell v. Johnson*, 308

F.3d 594, 603 (6th Cir. 2002) (citations omitted).[2] Thus, the breaking of plaintiff's MP3 player can also constitute adverse conduct. While defendant denies that plaintiff's MP 3 player was broken, there appears to be a question of fact in this regard.

 3. Causation

Defendant argues that plaintiff has failed to establish causation or rebut his evidence that he would have taken the actions regardless of the protected conduct. Plaintiff has offered evidence, via affidavit, of two other prisoners claiming they heard defendant threaten plaintiff about "getting him" after plaintiff complained to defendant's supervisor, on the very same day that the misconduct was written. (Dkt. 18, Pg ID 108, 110). Defendant denies that any such threats were made. However, given the evidence offered by plaintiff, there appears to be a question of fact regarding causation.

---

[2] Defendant does not claim that plaintiff's injury was so *de minimus* as to not constitute adverse action. It does not appear that the short time in segregation or the breaking of plaintiff's property would be considered *de minimus* under current law. "The factual question is whether the injury inflicted is so slight that it could not reasonably be expected to deter protected conduct. The standard is not intended to foreclose relief to all but the superfirm plaintiffs, who are willing and able to persist in their suits in the face of retaliatory actions that would cause most plaintiffs to crumple. Rather, the purpose of the standard is to avoid trivializing the First Amendment by eliminating suits based upon insignificant acts of retaliation." *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002); *see also Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005) ("[S]ince there is no justification for harassing people for exercising their constitutional rights, [the deterrent effect] need not be great in order to be actionable.") (internal quotations omitted).

The next issue is whether defendant has offered sufficient evidence to establish that he would have taken the same actions regardless of the protected conduct. *Thaddeus-X*, 175 F.3d at 399 (if the "defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment."). Although it is not entirely clear, defendant seems to suggest in his affidavit that the shakedown of plaintiff's cell was done pursuant to policy, which requires 3-5 cell shakedowns per day. (Dkt. 11-2, Pg ID 79). Defendant further explains that he received a telephone call from the L-unit indicating that plaintiff was staying in that unit and would not be returning to the G-unit. At this point, plaintiff's property was packed up to prevent it from being stolen. (Dkt. 11-2, Pg ID 80). And the misconduct report indicates that the prisoner was sent to the "hole" (segregation) for a shakedown based on a misconduct. (Dkt. 11-3). It is not clear that a "shakedown" (whether due to a misconduct or some random daily routine) is the same as "packing up a cell" due to a transfer order. It is also not clear which scenario actually occurred in this case. In the view of the undersigned, with these inconsistencies in the record, defendant has not established that he would have taken the actions he did, regardless of the protected conduct.

    C.    <u>Conspiracy</u>

Defendant argues that plaintiff's conspiracy claim must fail because he did

not demonstrate a violation of his constitutional rights. However, as set forth above, the undersigned concludes that there is a question of fact regarding plaintiff's retaliation claim. Thus, defendant is not entitled to summary judgment on this claim.

### D. Qualified Immunity

Defendant also claims that he is entitled to qualified immunity because he did not violate a clearly established constitutional right and his actions were objectively reasonable. Given the conclusions above that there remains a question of fact regarding plaintiff's retaliation claim, along with defendant's rather perfunctory qualified immunity argument, the undersigned concludes that summary judgment on this basis is not appropriate. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (It is not sufficient for a party to mention a possible argument "in a most skeletal way, leaving the court to ... put flesh on its bones."); *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995) (A court need not make a party's case by scouring the various submissions to piece together appropriate arguments.); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989) (The court is not obligated to make defendants' case for them or to "wade through and search the entire record" for some specific facts that might support their motion.); *Murphy v. Lockhart*, 826 F.Supp.2d 1016, 1037 (E.D. Mich. 2011) ("Because the qualified immunity arguments were presented to the

magistrate judge in name only, the Court must agree with his determination that it has not been established in this record.")

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 13, 2012                              s/Michael Hluchaniuk
                                                                Michael Hluchaniuk
                                                                United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on July 13, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Kevin R. Himebaugh, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): DEANDRE MCCASKILL, ID# 316770, EARNEST C. BROOKS CORRECTIONAL FACILITY, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444.

                                               s/Tammy Hallwood
                                               Case Manager
                                               (810) 341-7887
                                               tammy_hallwood@mied.uscourts.gov